**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 17, 2016

Genelle Washington
14112 Bramble Court
Laurel, Maryland 20708

Jennifer Hope Stinnette, Esq.
Social Security Administration
Altmeyer Building
6401 Security Boulevard, Room 617
Baltimore, Maryland 21235

      RE:   *Genelle Washington v. Commissioner, Social Security Administration*;
             Civil No. SAG-14-1059

Dear Ms. Washington and Counsel:

    On April 4, 2014, Plaintiff Genelle Washington, who proceeds *pro se* since the withdrawal of her attorney, petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the Commissioner's Motion for Summary Judgment. (ECF No. 28). Ms. Washington has not filed a response.[1]  I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

    Ms. Washington protectively filed a claim for benefits on August 11, 2010, alleging disability beginning December 26, 2006. (Tr. 12, 112-15). Her claim was denied initially and on reconsideration. (Tr. 54-57, 60-61). A hearing was held on November 5, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 27-50). Following the hearing, the ALJ determined that Ms. Washington was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 9-26). The Appeals Council denied Ms. Washington's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

---

[1] On January 21, 2016, a Rule 12/56 letter was sent to Ms. Washington advising her of her right to file a response to the Commissioner's motion within seventeen (17) days from the date of the letter. (ECF No. 29). No response was received.

*Genelle Washington v. Commissioner, Social Security Administration*
Civil No. SAG-14-1059
February 17, 2016
Page 2

The ALJ found that Ms. Washington suffered from the severe impairments of degenerative joint disease and meniscal tear of the right knee, degenerative disc disease of the cervical spine, and obesity. (Tr. 14). Despite these impairments, the ALJ determined that Ms. Washington retained the residual functional capacity ("RFC") to:

> perform sedentary work, as defined in 20 CFR 404.1567(a), except that she is unable to kneel, crouch, crawl, or climb ladders, ropes, scaffolds; she can stoop on an occasional basis and stand for no more than 15-20 minutes at a time; she is unable to perform above-shoulder lifting, or constant reaching above shoulder level with the upper extremities; and she is unable to use foot controls with the right lower extremity. Additionally, due to pain and the possible side effects of medication, the claimant is limited to performing simple instructions; and she may be off-task up to 5% of the day due to concentration and focus problems.

(Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Washington could perform jobs existing in significant numbers in the national economy, and that she therefore was not disabled. (Tr. 20-21).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Ms. Washington's favor at step one and determined that she did not engage in substantial gainful activity after her alleged onset date. (Tr. 14); *see* 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ considered the severity of each of the impairments that Ms. Washington claimed prevented her from working. *See* 20 C.F.R. § 404.1520(a)(4)(ii). As noted above, the ALJ concluded that several of Ms. Washington's alleged impairments were severe, and thus proceeded to the other steps. (Tr. 14-15). The ALJ also considered other alleged impairments including asthma and headaches, but determined that those impairments did not cause more than minimal limitations in her ability to perform basic work activities. (Tr. 14-15). Specifically, the ALJ noted no specialized treatment or emergency room visits for either asthma or headaches. *Id.* Given the lack of medical evidence cited in support of those conclusions, I find no error in the step two analysis.

At step three, the ALJ determined that Ms. Washington's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 15). The ALJ considered the specific requirements of Listings 1.02 and 1.04, which govern knee and back

*Genelle Washington v. Commissioner, Social Security Administration*
Civil No. SAG-14-1059
February 17, 2016
Page 3

conditions, respectively. *Id.* The ALJ provided adequate explanation of his evaluation of the listings, by identifying the precise criteria that were not evidenced in the medical records. *Id.*

In considering Ms. Washington's RFC, the ALJ summarized her subjective complaints from her testimony and her written function reports. (Tr. 16). However, the ALJ determined that Ms. Washington's subjective complaints were not entirely credible.[2] (Tr. 19). In support of that assessment, the ALJ cited to the records from Dr. Trent, which did not corroborate Ms. Washington's testimony regarding the severity of her condition and in fact reflected improvement in her condition. *Id*. The ALJ further noted that Ms. Washington "has had the same knee problem for over five years, yet has managed with her activities all that time without significant use of pain medication or use of an assistive device." *Id.* The ALJ finally noted that given Ms. Washington's size, if her knee problem were as severe as alleged, she would be reliant on an assistive device for walking. (Tr. 19-20). The ALJ thus provided a thorough credibility analysis, explaining his reasons for discounting each of Ms. Washington's complaints.

The ALJ also considered all of the opinion evidence in the record, providing substantial evidence in support of the weight he accorded each opinion. First, the ALJ assigned "little weight" to the opinion from Dr. Trent, since his objective treatment notes showed relief from injections and did not support the restrictions outlined in his opinion. (Tr. 19). The ALJ assigned "great weight" to the opinions of the non-examining State agency consultants, which were consistent with the treating record showing tenderness and reduced range of motion secondary to pain, with a relatively sparse treatment regimen including limited use of prescription pain medications. *Id.*

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Washington's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, because the ALJ supported his RFC determination with substantial evidence, I must affirm.

---

[2] I have also considered whether the ALJ's decision is sufficient under the parameters of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Pertinent to this case, the Fourth Circuit remanded *Mascio* in part because the ALJ erred by determining the claimant's RFC before assessing her credibility. *Id.* at 639. Specifically, the Court took issue with boilerplate language stating that the "limiting effects of [the claimant's] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." *Id.* The *Mascio* Court noted that the error would be harmless if the ALJ properly analyzed the claimant's credibility elsewhere in the opinion. *Id.* In this case, the ALJ's discussion of Ms. Washington's RFC assessment uses the language deemed deficient in *Mascio*. (Tr. 16). However, I find that the ALJ provided a detailed analysis of Ms. Washington's medical history and also included an explanatory paragraph providing the precise reasons for the adverse credibility finding. (Tr. 19-20). Accordingly, I find that the *Mascio* error was harmless.

*Genelle Washington v. Commissioner, Social Security Administration*
Civil No. SAG-14-1059
February 17, 2016
Page 4

    Next, at step four, the ALJ determined that, pursuant to her RFC assessment, Ms. Washington was unable to perform her past relevant work as a bus driver. (Tr. 22). However, the ALJ proceeded to step five, where he considered the impact of Ms. Washington's age and level of education on her ability to adjust to new work. (Tr. 20-21). After considering and summarizing the testimony of the VE, the ALJ found that at least three sedentary jobs, that a person with Ms. Washington's RFC could perform, existed in significant numbers in the national economy. *Id.* In light of the cited testimony from the VE, I find that the ALJ's determination was supported by substantial evidence.

    For the reasons set forth herein, Defendant's Motion for Summary Judgment (ECF No. 28) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                    Sincerely yours,

                                    /s/

                                  Stephanie A. Gallagher
                                  United States Magistrate Judge